UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------X

JOE HAND PROMOTIONS, INC.,
as Broadcast Licensee of the November 11,
2000, Lewis/Tua Program,                          CV-03-0115 (CPS)

                              Plaintiff,

                                                  MEMORANDUM OPINION
     - against -                                  AND ORDER

ALEX CONTRERAS, Individually
and as an officer, director, shareholder,
and/or principal of MOMENTS TAVERNA, INC.
d/b/a MOMENTS TAVERNA a/k/a MOMENTS LAVERNA,
and MOMENTS TAVERNA, INC. d/b/a MOMENTS
TAVERNA a/k/a MOMENTS LAVERNA;

                              Defendants.

--------------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Joe Hand Promotions (Joe Hand) brings this action

against defendants Alex Contreras, individually and as an

officer, director, shareholder, and/or principal of Moments

Taverna, Inc. d/b/a Moments Taverna a/k/a Moments Laverna, and

Moments Taverna, Inc. d/b/a Moments Taverna a/k/a Moments Laverna

(hereinafter "Moments Taverna") (collectively "Defendants")

alleging violations of 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4),

and 47 U.S.C. § 553. Presently before the Court are plaintiff's

motion for default judgment and defendant Contreras's motion to

dismiss the complaint. For the reasons that follow, both motions

are denied.

**BACKGROUND**

Plaintiff Joe Hand Promotions commenced this action against the Defendants on January 9, 2003.[1] In the complaint, plaintiff alleged that it was granted the right, by contract, to distribute the November 11, 2000 Lewis/Tua boxing match via closed circuit television and encrypted satellite signal. Plaintiff subsequently entered into agreements with various establishments in New York state, allowing them to exhibit the program to their patrons. Plaintiff alleges that the Defendants or their agents intercepted the satellite signal and unlawfully exhibited the closed circuit program at Moments Taverna for the purposes of commercial gain, in violation of 47 U.S.C. § 605(a) and 47 U.S.C. § 553.[2] Plaintiff also alleges that the Defendants or their agents

---

[1] Plaintiff originally brought this action on May 29, 2001 against five groups of defendants, including Moments Taverna, under the case number CV 01-3418. By Order dated January 2, 2003, Magistrate Roanne Mann directed that the groups of defendants be severed and a new complaint be filed against each separate group of defendants.

[2] Section 605(a) provides in pertinent part that:
No person not being authorized by the sender shall intercept any radio communication and divulge or publish the...contents...to any person....or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled hereto.

Section 605(e)(3) also allows for an enhancement of damages "by not more than $100,000 for each violation of subsection (a)" if a defendant's violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain..."

Section 553(a) provides, in pertinent part that:
No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

modified a device or utilized equipment unlawfully, knowing or
having reason to know that the device was primarily of assistance
in the unauthorized decryption of satellite cable programming, in
violation of 47 U.S.C. § 605(e)(4).[3]

Plaintiff initially filed its complaint against Maria
Fernanda Mendez and Moments Taverna. Service was made on the
corporate defendant Moments Taverna on January 24, 2003, by
service upon the Secretary of State of New York authorized to
accept service on its behalf. Personal service was made upon
Defendant Maria Mendez on March 24, 2003. No answer or appearance
was made by the defendants, and on August 12, 2004, Plaintiff
moved for default judgment. By Order dated September 3, 2004, I
entered judgment, by reason of default, against defendants Maria
Mendez, individually and as an officer, director, shareholder and
principal of Moments Taverna, and against Moments Taverna.
Subsequently, Maria Mendez moved to vacate the default judgment,
and, by order dated March 23, 2005, I granted her motion.

On May 12, 2005, Plaintiff moved for an order dismissing
Maria Mendez from the case, a motion which I granted on May 23,
2005. Also on May 12, 2005, Plaintiff filed an Amended Complaint
naming Alex Contreras, individually and as an officer, director,

---

[3] Plaintiff apparently contracts with investigative agencies, which send
out auditors to various commercial establishments suspected of unlawfully
exhibiting a program on nights when such encrypted programs are broadcast. In
support of its Motion for Default Judgment, Plaintiff provided an affidavit
from the auditor who was at Moments Taverna on November 11, 2000.

shareholder, and/or principal of Moments Taverna, Inc. d/b/a
Moments Taverna a/k/a Moments Laverna, and Moments Taverna, Inc.
d/b/a Moments Taverna a/k/a Moments Laverna as Defendants. The
Clerk's notation of default indicates that Defendant Contreras
"was served with a copy of the Amended Summons and First Amended
Complaint on June 2, 2005, by affixing a copy of the Amended
Summons and First Amended Complaint to the door of the
defendant's residence..., that the Process Server attempted to
serve the defendant on May 26, 2005 at 8:16p.m., May 28, 2005 at
7:10a.m., May 31, 2005 at 4:42p.m., June 2, 2005 at 3:52p.m., and
that on June 3, 2005, the Process Server mailed a copy of the
summons and complaint to the defendant...." No answer or
appearance was made by Contreras or Moments Taverna, and on July
12, 2005, Plaintiff again moved for default judgment. By Order
dated July 20, 2005, I entered a default judgment against
Defendants Alex Contreras, individually and as an officer,
director, shareholder, and principal of Moments Taverna, Inc.
d/b/a Moments Taverna a/k/a Moments Laverna, and against Moments
Taverna, Inc. d/b/a Moments Taverna a/k/a Moments Laverna (the
"Default Judgment"). On August 1, 2005, Defendant Contreras,
acting *pro se*, filed a letter stating that he had not received
notice of Plaintiff's action, and that Plaintiff had fabricated
the events set forth in the complaint. On August 19, 2005, I
issued an Order to Show Cause why the default judgment should not

be vacated, and on plaintiff's request, the matter was taken on submission.

On February 13, 2006, by written memorandum opinion and order, I vacated the default judgment and directed defendants to move, answer, or otherwise respond to the complaint within thirty days. Defendants failed to answer, and on March 28, 2006, plaintiff again moved for default judgment. Two days later, *pro se* defendant Alex Contreras filed a letter stating that he never received the February 13, 2006 opinion and that "if indeed I had received such documents a reply would have been issued...." On April 5, 2006, I issued an Order to Show Cause why plaintiff's motion for default judgment should not be granted, and directed defendants to file a response to plaintiff's motion by April 25, 2006.

On April 25, 2006, defendant Contreras filed a document entitled, "Defendant's Response to Dismiss Plaintiff's Complaint."[4] Contreras argues that plaintiff "has fabricated the course of events that they have reported to the courts." Specifically, Contreras states that to his knowledge, the boxing event was not shown that night, and that only soccer matches were ever shown at the establishment. Further, Contreras states that

---

[4] Other than in the title of the document, defendant Contreras does not state that he is moving to dismiss the complaint, nor does he file a separate notice of motion. However, given defendant's *pro se* status, I will construe defendant's submission as both a response to the Order to Show Cause and a motion to dismiss the complaint.

on Saturday nights, the establishment is converted to a night club, and patrons are not charged admission fee. Accordingly, there would be no financial benefit to showing a boxing match. Contreras also argues that plaintiff Joe Hand is targeting "Hispanic establishments," by filing similar "false" lawsuits against them and settling out of court. Contreras attacks the evidence presented by Joe Hand as insufficient, and states that Joe Hand has become a nuisance in his neighborhood. Finally, he states that letters from the Court should be sent to 456 North High Street, Mount Vernon, NY 10552.

In response, plaintiff argues that the default judgment should be reinstated because defendant Contreras did receive the February 13, 2006 opinion and because defendants have acted in bad faith in that they are not interested in litigating or settling the action. Plaintiff also argues that the motion to dismiss the complaint should be denied.

For the reasons that follow, plaintiff's motion to reinstate the default judgment is denied, and defendant's motion to dismiss the complaint is denied.

## DISCUSSION

### Plaintiff's Motion for Default Judgment

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default judgment, and if judgment by default has been entered,

may likewise set it aside in accordance with 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b) authorizes the court to relieve a party from final judgment based on grounds including "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

The Second Circuit has set forth three criteria in determining whether to vacate a default judgment: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted." *American Alliance Ins. Co., Ltd. V. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir. 1996)(quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1982). Given this Circuit's strong preference "for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993), all doubts must be resolved in the defendant's favor. *See David v. Musler,* 713 F.2d 907, 915 (2d Cir.1983)(stating that all doubts should be resolved in favor of those seeking relief from default). The Second Circuit has further held that "'[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort,' which should only be imposed 'upon a serious showing of willful default.'" *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983) (internal citations omitted). Moreover, "concerns regarding the protection of a litigant's

rights are heightened when the party held in default appears *pro se*," as Defendant appears here. *Enron Oil Corp.,* 10 F.3d at 96. The Second Circuit has held that "as a general rule, a district court should grant a default judgment sparingly and grant leave to set aside a default judgment freely when the defaulting party is appearing *pro se*." *Id.*

"Though a court may grant a motion to reinstate a default judgment, 'the law favors, as a matter of high policy, that disputes be settled on their merits.'" *Zavada v. Stern*, 1992 WL 14993, *1 (S.D.N.Y.1992), *quoting Carruthers v. Centamore*, No. 78 Civ. 1406, slip op. (S.D.N.Y. May 19, 1981); *see also Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir.1976); *Pulliam v. Pulliam*, 478 F.2d 935, 936 (D.C.Cir.1973).

<u>Willfulness</u>

The Second Circuit has interpreted willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998). A default may also be found willful where the conduct of the litigant or counsel "was egregious and was not satisfactorily explained." *Id.* at 739-39; *Gonzalez v. City of New York,* 104 F.Supp.2d 193, 196 (S.D.N.Y. 2000).

In his motion to vacate the default judgment, Defendant Contreras contended that his inaction was due to the fact that he never received notice of the action. Defendant also claimed that

his brother told him that Joe Hand employees had been causing a nuisance outside his residence where he is "usually never at."

While I found Defendant's conduct in not following up on his brother's remarks to be negligent, I also found that it was not willful or deliberate. More likely, it was "attributable to his lack of knowledge and familiarity with the legal process." *Time Warner Cable,* 1997 WL at *2 (finding defendant's failure to timely respond to the Complaint not to be willful). However, even "gross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief." *American Alliance Insurance Co.,* 92 F.3d at 61 (finding defendant's gross negligence to weigh "somewhat against granting relief."). Thus, while Defendant's negligence weighed "somewhat against granting relief," I found that on balance, the remaining factors and the Defendant's *pro se* status weighed in favor of a determination that the default judgment should be vacated.

Here again, defendant claims that he failed to respond within the time provided for in the February 13, 2006 opinion because he did not receive the opinion. As to this point, plaintiff argues only, "Defendants were indeed provided a copy of the Memorandum and Opinion by the Clerk of the Court. The last paragraph of the Memorandum and Opinion states 'The Clerk is directed to furnish a filed copy of the within to all parties.'" While I note that the last paragraph of the opinion did direct

the Clerk of the Court to transmit a copy to defendants, and that the address listed on the docket is the same as the address defendant Contreras lists as his mailing address, I note that there is no docket entry indicating that the February 13, 2006 opinion was in fact mailed to defendant. Moreover, defendant responded to plaintiff's motion to reinstate the default judgment a mere two days after plaintiff filed its motion.

Resolving all doubts in favor of the defendants, this factor weighs against reinstating the default judgment.

### Meritorious Defense

To establish the existence of a meritorious defense, a party seeking relief from default judgment must state a defense which, "if proven at trial would constitute a complete defense." *Enron Oil Corp.,* 10 F.3d at 98; *see also, American Alliance Insurance Co.,* 92 F.3d at 61. A defendant need not prove the defense conclusively, *McNulty,* 137 F.3d at 740; however, a defendant "must do more than make conclusory denials." *Enron Oil Corp.,* 10 F.3d at 98.

Here, as in his motion to vacate the default judgment, Defendant Contreras does little more than make conclusory denials, but the little more that he does state, if proven at trial, would constitute a complete defense. Defendant Contreras claims that while he was an officer of the Moments Tavern at the time of the incident, the business was being handled by an

administrator, because Contreras did not have time to spend at
the establishment. He claims that he specifically asked the
administrator if the fight in question was shown that night, and
the administrator specifically informed him that it was not. He
further contends that whenever events were shown on the
television screen at Moments Tavern, they were soccer events, and
not boxing matches. Lastly, he claims that on Saturday nights
(the alleged incident took place on a Saturday), Moments Tavern
served as a nightclub, therefore, no special events were needed.

Construing Defendant's arguments liberally, I concluded that
sufficiently meritorious defenses had been raised to warrant
vacating the default judgment. Because "the law favors, as a
matter of high policy, that disputes be settled on their merits,"
*Zavada*, 1992 WL 14993 at 1, Contreras should be given the
opportunity to prove his defense at trial. Accordingly, this
factor weighs against reinstating the default judgment.

<u>Prejudice</u>

Finally, I held that the third consideration--prejudice to
the plaintiff--weighed in favor of vacating the default judgment.
Although Plaintiff has suffered a delay in this action, delay
alone is insufficient to establish prejudice. *See Davis v.
Musler,* 713 F.2d 907, 916 (2d Cir.1983). A plaintiff must
establish that "its case has suffered from the loss of evidence,
increased difficulties of discovery, or greater opportunity for

fraud and collusion." *Time Warner Cable v. Cabada,* 1997 WL
797533, at *2 (E.D.N.Y. 1997). However, it is not necessarily the
case that evidence has been lost or that Plaintiff will have
increased difficulties with discovery as a result, and, as stated
above, all such doubts must be resolved in the defendant's favor.
Thus, I held that this factor did not weigh against vacating the
default judgment. Plaintiff does not now argue that it would be
prejudiced if the default judgment were not reinstated.

Accordingly, weighing all three factors, I conclude that the
default judgment should not be reinstated.

**Defendant's Motion to Dismiss**

Defendant Contreras moves to dismiss plaintiff's complaint;
however, he cites no legal authority or rule under which the case
should be dismissed. Instead, defendant disputes the factual
basis for the complaint. His main argument is that, contrary to
the allegations in the complaint, his establishment did not
broadcast the boxing match. At this stage of the proceedings,
before discovery has been commenced, a complaint could only be
dismissed as a matter of law. Because this Court is not in a
position to engage in fact-finding, and because defendant has
provided no argument for why the complaint must be dismissed as a
matter of law, the motion to dismiss must be denied.

Accordingly, defendant's motion to dismiss the complaint is
denied without prejudice to the filing of a motion for summary
judgment at the appropriate stage in the proceedings.

**Corporate Defendant**

As a corporation, defendant Moments Taverna cannot appear in
this Court without counsel. *Pecarsky v. Galaxiworld.com Limited*,
249 F.3d 167, 172 (2d Cir.2001) (holding that a corporation must
appear in court with counsel, and cannot be represented *pro se* by
its principal). Accordingly, defendant Moments Taverna is
directed to appear with counsel within thirty (30) days of the
date of this order. If the defendant fails to do so, plaintiff
may again move for the default judgment to be reinstated as to
the corporate defendant.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to
reinstate the default judgment is denied, and defendant's motion
to dismiss the complaint is denied without prejudice to the
filing of a motion for summary judgment at the appropriate stage
in the proceedings. The corporate defendant Moments Taverna is
ordered to appear with counsel within thirty (30) days of the
date of this order. If the corporate defendant fails to appear
with counsel within the time provided in this order, the
Plaintiff may apply again for a default judgment.

The Clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated:     Brooklyn, New York
           May 30, 2006

                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                         United States District Judge